## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | § § | |
| Plaintiff, | § | |
| v. | § | Civil Action No.: _____ |
| | § | |
| PRIVATE GALLERY, INC., and Alabama corporation; GARTH KNOX, an individual citizen of Alabama; & DENISE KNOX, an individual citizen of Alabama, | § § § § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

**PNC BANK, NATIONAL ASSOCIATION**, successor to BBVA – formerly known as COMPASS BANK – through its undersigned counsel, hereby sues **PRIVATE GALLERY, INC., GARTH KNOX,** and **DENISE KNOX** for enforcement of a promissory note, guaranty agreements, and a change-in-terms agreement, and alleges as follows:

## PARTIES

1.      Plaintiff **PNC BANK, NATIONAL ASSOCIATION** ("**Plaintiff**" or "**PNC Bank**"), successor-in-interest to COMPASS BANK[1], is a national banking association. "All national banking associations shall, for purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. PNC Bank's main office, as designated in its articles of association, is located in Delaware. Thus, PNC Bank is a citizen of Delaware. Plaintiff is the owner and holder of the commercial credit card agreement made the basis of this lawsuit.

2.      Defendant **PRIVATE GALLERY, INC.** ("**Private Gallery**," or "**Borrower**") is a corporation incorporated in Alabama and with its principal place of business in Alabama. Thus, Private Gallery is a citizen of Alabama. 28 U.S.C. § 1332(c)(1). Defendant Private Gallery is the Borrower of the indebtedness made the basis of this dispute.

3.      Defendant **GARTH KNOX ("GKnox")** is a resident citizen of Baldwin County, Alabama and thus is domiciled in Alabama. GKnox is a Guarantor of the indebtedness made the basis of this dispute.

4.      Defendant **DENISE KNOX ("DKnox")** is a resident citizen of Baldwin County, Alabama and thus is domiciled in Alabama. DKnox is a Guarantor of the indebtedness made the basis of this dispute.

---

[1] "Plaintiff" and "PNC Bank" refers to both PNC Bank, National Association and its predecessor-in-interest – Compass Bank – interchangeably.

**JURISDICTION**

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Delaware and a citizen of Alabama, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**VENUE**

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that the Defendants reside in this district.

**FACTS**

7.      On or about September 27, 2012, Private Gallery executed and delivered to PNC Bank the Promissory Note and Addendum to Promissory Note (collectively, the "Note") evidencing Private Gallery's agreement to the terms and conditions contained therein in exchange for a term loan in the original principal amount of $125,000.00 (the "Loan"). Attached hereto as Exhibit "A" is a true and correct copy of the Note.

8.      On or about September 23, 2013, Private Gallery executed and delivered to PNC Bank the Change in Terms Agreement (the "September 2013 Change in Terms") evidencing a reduction of the maximum principal amount of the Loan to $122,000.00 and Private Gallery's agreement to the terms and conditions of the Note and the September 2013 Change in Terms. Attached hereto as Exhibit "B" is a true and correct copy of the September 2013 Change in Terms.

9.     On or about December 11, 2013, Private Gallery executed and delivered to PNC Bank the second Change in Terms Agreement (the "December 2013 Change in Terms") evidencing an extension of the Loan's maturity date to December 11, 2018 and Private Gallery's agreement to the terms and conditions of the Note, the September 2013 Change in Terms, and the December 2013 Change in Terms. Attached hereto as Exhibit "C" is a true and correct copy of the December 2013 Change in Terms.

10.    On or about December 11, 2013, GKnox executed and delivered to PNC Bank a Guaranty Agreement (the "GKnox Guaranty") guaranteeing full and prompt payment and satisfaction of all of Private Gallery's obligations to PNC Bank, including Private Gallery's obligations under the Note, jointly and severally. Attached hereto as Exhibit "D" is a true and correct copy of the GKnox Guaranty.

11.    On or about December 11, 2013, DKnox executed and delivered to PNC Bank a Guaranty Agreement (the "DKnox Guaranty") guaranteeing full and prompt payment and satisfaction of all of Private Gallery's obligations to PNC Bank, including Private Gallery's obligations under the Note, jointly and severally. Attached hereto as Exhibit "E" is a true and correct copy of the DKnox Guaranty.

12.    Plaintiff, PNC Bank, is the beneficial owner and holder of the Note, September 2013 Change in Terms, December 2013 Change in Terms,

GKnox Guaranty, and DKnox Guaranty (collectively hereafter referred to as the "Loan Documents").

13.    Defendants defaulted under the Loan Documents by failing to timely make the principal and interest payments when due, failing to pay all amounts due and owing upon maturity of the Loan, and failing to make full and final payment of all amounts owed upon demand made by PNC Bank.

14.    On or about July 27, 2023, PNC Bank sent Private Gallery, GKnox, and DKnox a notice of default regarding the payment and maturity default under the subject Loan Documents, demanding the immediate payment of all outstanding amounts due on or before August 7, 2023 (the "July 2023 Demand Letter"). Attached hereto as Exhibit "F" is a true and correct copy of the July 2023 Demand Letter.

15.    The amounts outstanding under the Note were not paid in full by August 7, 2023.

16.    On or about September 12, 2023, PNC Bank, by and through its undersigned counsel, sent Defendants a Notice of Default, Demand for Payment, and Reservation of Rights Letter providing Defendants further notice of existing defaults under the Loan Documents, and demanding that arrangements be immediately made to pay the outstanding balance of the Loan, plus expenses, attorneys' fees, and other costs owed under the Loan

Documents. Attached hereto as Exhibit "G" is a true and correct copy of the September 12, 2023 demand letter (the "September 2023 Demand Letter").[2]

17.     Defendants Private Gallery, GKnox, and DKnox have failed to pay the outstanding balance in response to the Demand Letters.

18.     As of February 6, 2024, the outstanding balance under the Note is $121,126.56, consisting of $100,644.47 in outstanding principal, $19,531.29 in accrued unpaid interest, and $950.80 in fees. Interest will continue to accrue at a rate of $26.20 per diem in accordance with the Note.

19.     Further, pursuant to the Loan Documents, Defendants owe all expenses, including court costs and reasonable attorneys' fees, incurred by PNC Bank in enforcing the Loan Documents. See Ex. A, p. 1-2, ¶ Attorneys' Fees; Expenses.

20.     All condition precedents have been performed, have occurred, or have been waived.

### COUNT ONE – BREACH OF NOTE
### (As against PRIVATE GALLERY, INC.)

21.     PNC Bank repeats and re-alleges paragraphs 1 through 20 hereof, as if fully set forth herein.

22.     A contract exists between PNC Bank and Defendant Private Gallery, as evidenced by the Note. See Ex. A.

---

[2] The July 2023 Demand Letter and the September 2023 Demand Letter may be collectively, where appropriate, referred to as the "Demand Letters."

23.     PNC Bank is the beneficial owner and holder of the Note.

24.     Defendant Private Gallery is in material breach of the Note and has defaulted under its terms by, among other things, failing to timely pay all outstanding amounts due and owing under the Note.

25.     As a direct and proximate result of Private Gallery's breach and default of the Note, PNC Bank has suffered damages and Private Gallery owes to PNC Bank that full amount of the outstanding balance.

26.     As a direct and proximate result of Private Gallery's breach and default of the Note, PNC Bank has been caused to incur expenses, including costs and reasonable attorneys' fees, for which Private Gallery is obligated to pay under the terms of the Note.

## COUNT TWO – BREACH OF GUARANTY
### (As against GARTH KNOX)

27.      PNC Bank repeats and re-alleges paragraphs 1 through 20 hereof, as if fully set forth herein.

28.     A contract exists between PNC Bank and Defendant GKnox, as evidenced by the GKnox Guaranty. See Ex. D.

29.     PNC Bank is the beneficial owner and holder of the GKnox Guaranty.

30.     Defendant GKnox is in material breach of the GKnox Guaranty and has defaulted under its terms by, among other things, failing to timely pay all outstanding amounts due and owing under the Loan Documents.

31.    As a direct and proximate result of GKnox's breach and default of the Loan Documents, PNC Bank has suffered damages and GKnox owes to PNC Bank that full amount of the outstanding balance.

32.    As a direct and proximate result of GKnox's breach and default of the Loan Documents, PNC Bank has been caused to incur expenses, including costs and reasonable attorneys' fees, for which GKnox is obligated to pay under the terms of the Loan Documents, jointly and severally with Private Gallery and DKnox.

### COUNT THREE – BREACH OF GUARANTY
### (As against DENISE KNOX)

33.    PNC Bank repeats and re-alleges paragraphs 1 through 20 hereof, as if fully set forth herein.

34.    A contract exists between PNC Bank and Defendant DKnox, as evidenced by the DKnox Guaranty. See Ex. E.

35.    PNC Bank is the beneficial owner and holder of the DKnox Guaranty.

36.    Defendant DKnox is in material breach of the DKnox Guaranty and has defaulted under its terms by, among other things, failing to timely pay all outstanding amounts due and owing under the Loan Documents.

37.    As a direct and proximate result of DKnox's breach and default of the Loan Documents, PNC Bank has suffered damages and DKnox owes to PNC Bank that full amount of the outstanding balance.

38.     As a direct and proximate result of DKnox's breach and default of the Loan Documents, PNC Bank has been caused to incur expenses, including costs and reasonable attorneys' fees, for which DKnox is obligated to pay under the terms of the Loan Documents, jointly and severally with Private Gallery and GKnox.

## CONCLUSION

**WHEREFORE**, Plaintiff, PNC Bank, demands judgment against Defendants Private Gallery, Inc., Garth Knox, and Denise Knox, jointly and severally, for all amounts due and owing under the Loan Documents, together with reasonable attorneys' fees, costs, expenses, and for any other relief the Court deems just and proper

**Dated:**    **February 6, 2024**          Respectfully submitted,

*/s/ Danielle E. Douglas*
Danielle E. Douglas
ADAMS AND REESE LLP
1901 Sixth Avenue North, Suite 1110
Birmingham, Alabama 35203
(205) 250-5000
(205) 250-5034 (facsimile)
danielle.douglas@arlaw.com
*Counsel for PNC Bank, N.A.*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this Tuesday, February 6, 2024 I have filed the forgoing using the CM/ECF system, and I have served the forgoing on the following parties by sending a copy via Private Process Server on the following:

Private Gallery, Inc.
Attn: Denise Knox (Reg. Agent)
218 Fairhope Avenue
Fairhope, Alabama 36532

Garth Knox
110 McIntosh Bluff Road
Fairhope, AL 36532

Denise Knox
110 McIntosh Bluff Road
Fairhope, AL 36532

*/s/ Danielle E. Douglas*
OF COUNSEL

10